No. 3786.—WIDOW L. DELACROIX *v.* MARY M. HART—MARTHA J.
BARROW, Garnishee.

A garnishment process is a suit, and the garnishee must be brought before the court by
citation. A judgment against the wife as garnishee can not, therefore, be rendered
unless she has been first authorized by her husband or the judge to appear and defend
the suit.

APPEAL from the Fifth Judicial District Court, parish of Iberville.
*Posey, J. Samuel Matthews,* for plaintiff. *Barrow & Pope,* for
garnishee, appellant.

LUDELING, C. J. The plaintiff having issued an execution against
the defendant, filed a petition praying that M. J. Barrow be cited to
answer interrogatories propounded to her, and for a judgment against
her according to law. He prayed that her husband might also be cited
to aid and authorize her to act in the suit.

No citation was addressed to the husband, but the wife alone was
cited. She appeared, to file a plea to the jurisdiction of the court
*ratione materiæ,* which was properly overruled.

Martha J. Barrow having failed to answer the interrogatories, on
motion they were taken for confessed, and a judgment against her was
accordingly rendered. On appeal, the judgment in this case was set
aside on the ground that the wife had not been authorized either by
her husband or the court, and the case was remanded to be proceeded
with according to law. The plaintiff then obtained the authorization
of the court for her to defend the suit, and then judgment was taken
against her.

It is now contended that the court could not give the authorization,
as the husband was not absent nor had he refused to authorize her;
that he had never been cited, as the law requires, and therefore his
wife was not properly in court. These objections seem well founded
in law. In Henry *v* Brice, 11 An. 691, it was said that it is only when
the answers of the party garnished are traversed, that the proceedings
partake of the character of a legal controversy; and it is there inti-
mated that the wife, in a case where the answers are not traversed, or
where she fails to answer, need not be authorized by her husband, or
the court. But the garnishment process is certainly a suit; there must
be a petition and citation to get the garnishee before the court, and
then follows a judgment in accordance with the evidence. If the gar-
nishee confesses that he or she is indebted, either expressly or by
making default, a judgment will be entered up against the party so
confessing. The wife can not bind herself by a contract without the
authorization of her husband; neither can she be sued without citing
her husband to authorize her to defend the suit. How, then, can she
confess judgment without the authorization of her husband, either
expressed or implied? This litigation, on the part of the garnishee,

seems to be only for delay; but we have no right to disregard the law.. Article 118, C. P., declares, " When one intends to sue a married woman, for a cause of action relative to her own separate interest, the suit must be brought against her and her husband. Should her husband be absent, the plaintiff must demand that she be authorized by the judge before whom the suit is brought. C. P. 206; 2 An. 281; 9 An. 197; 1 An. 260. There is nothing in the record to show that the husband was absent.

It is therefore ordered and adjudged that the judgment of the district court be reversed, and that the case be remanded in order that the husband of the garnishee may be cited according to law. It is. further ordered that the appellee pay the costs of this appeal.