**MARCUSE v. UPTON, ET AL.**

(June 4, 1928. Opinion and Decree.)
(July 2, 1928. Rehearing Refused.)

J. C. McGee, of New Orleans, attorney for plaintiff, appellant.

Hugh S. Suthon, F. Zengel, Jr., of New Orleans, attorneys for Sou. Music Co.

L. C. Guidry, of New Orleans, attorney for Louis C. Bergman.

Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for American Equitable Assurance Co., defendant, appellee.

CLAIBORNE, J. Plaintiff obtained judgment for $3200 against the defendant Upton. She issued a fieri facias and garnisheed five insurance companies.

They denied owing anything to the defendant Upton. The plaintiff took five rules to traverse the answers filed by the five insurance companies. There was judgment dismissing the rules. From this

judgment the plaintiff has appealed. The facts of the case are as follows:

The defendant Upton was associated with one Trombino, and both conducted a restaurant under the name of the "Silver Slipper" at No. 426 Bourbon Street. They were insured against loss by fire in five insurance companies. The policies were variously dated from April, 1927, to October 19, 1927, and expired one year thereafter and were in their joint names and for their joint benefit.

By an act before de Verges, Notary, dated January 7, 1928, John M. Upton sold to Ferdinand Trombino, Jr:

"All and singular his one-half undivided interest in the business owned and operated between himself and Ferdinand Trombino, Jr., under the name of the 'Silver Slipper Restaurant' and located at 426 Bourbon Street in the City of New Orleans."

On January 30, 1928, a fire partly destroyed the restaurant above mentioned.

On February 10, 1928, plaintiff herein issued a fieri facias and garnisheed whatever amount the insurance companies might owe Upton. As part of their answers the insurance companies averred that they owed Upton nothing, for the reason that at the date of the fire and some time prior, he had sold all his interest in the restaurant and its contents to Trombino and consequently he had no longer any interest in the insurance policy to transfer.

The trial court maintained that defense and dismissed plaintiff's traverse of the answers of the insurance companies.

On March 10, 1928, Upton assigned all his interest in said policies to Trombino by an endorsement thereon.

The contention of the plaintiff is that the sale made by Upton of his interest in the restaurant to Trombino and his assignment of the insurance to him were equivalent to the transfer of a credit, a right, or claim, of which the "transferee was possessed, as regards third persons, only after notice had been given to the debtor of the transfer having taken place" C. C. 2643 (2613), and inasmuch as his seizure in the hands of the insurance company preceded notice of the assignment to the insurance company, his seizure should take precedence over the assignment.

We are clearly of the opinion that the transfer made by Upton of his interest in the contents of the "Silver Slipper" was not a sale of "credits, rights, or claims," but was a sale of his undivided half of the things themselves forming a component part of the "Silver Slipper," the corporeal movables belonging thereto, and that under the fundamental law of fire insurance which is a contract, not of speculation but of indemnity alone, a party insured loses all title or interest in a policy the instant he parts with ownership, or interest in the thing insured, and has no longer any interest in the policy susceptible of assignment by him.

Consequently the moment Upton sold his interest in the Silver Slipper, that moment his interest ceased and any policy of insurance in his name terminated.

"A fire policy is a personal contract with the insured; if he parts with all his interest in the property before the loss, the policy becomes void, unless assigned to the new proprietor with insurer's consent." Leavitt vs. Western Marine Fire Ins. Co., 7 R. 351; 1 H. D. 705 (c) 52 N. Y. 502.

"The insured must have an interest in the property at the time of insuring, and at the time the loss happens." Smith Mere Law, p. 475 note.

"It is necessary that the insured should have an interest in the property protected and in case of loss he will only be able to

recover to the extent of that interest." Id. p. 476.

"In order that a creditor may maintain garnishment proceedings there must be a subsisting right of action at law by defendant in his own name, and for his own use, against the garnishee." 20 Cyc. 983. III. A. 28 C. J., p. 44 S. 46.

"It is essential that there should be an interest at risk. The interest of the assured must be subsisting at the time of the loss, in order to give a claim for indemnity." Bell vs. Ins. Co., 5 Rob. 423 (443).

"The definition of the contract as one of 'indemnity' requires that an insurer shall have some interest in the property which will be injuriously affected or imperiled by destruction of, or injury to, the property by fire. If the person procuring or holding the contract of insurance has no such interest the contract is invalid."

"To render the contract valid insured should have an interest in the property at the time of making the contract as well as at the time of loss. Nevertheless if at the time of the loss there is no interest there can be no recovery under the contract." 26 C. J., p. 18 S. 2; 19 Cyc., p. 583 II C.

"The general rule being that there must be an insurable interest at the time of the loss as well as at the time of the making of the contract, a total extinguishment, of the interest of insured in the property after the making of the contract and prior to a loss, as by an absolute transfer of the property will prevent recovery under the contract for the loss." 26 C. J., p. 37 S. 23.

"An assignment of a policy by one having no insurable interest in the property, transfers nothing, even though the assignee is the owner of the property." Id., p. 38 S. 24.

Finding that Upton had sold to Trombino his interest in the Silver Slipper Restaurant prior to the fire, and that on the date of the fire, Upton had no ownership of, and no interest of any kind in, the things insured, and none therefore that he could assign, and that his assignment of March 10, 1928, assigned nothing, and was a nullity, and that at the time the garnishment process issued herein Upton had no cause of action against the insurance companies.

It is therefore ordered that the judgment herein rendered on March 16, 1928, dismissing the rules to traverse the answers filed by the five insurance companies herein be affirmed.