No. 3471

Second Circuit

(Second Division)

—

**CARROLL v. POWELL**

—

(July 16, 1931. Opinion and Decree.)

—

William C. Boone and Atkins & Meadors, of Homer, attorneys for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellee.

STEPHENS, J.  The plaintiff sued for and obtained a judgment against the defendant for the sum of $202.06.  He caused the issuance of a writ of fieri facias and then filed a supplemental petition in which he alleged the issuance of said writ; and that he had reason to believe that the defendant had money in his own name or in the name of his wife, Mrs. Maggie Powell, on deposit in the Planters' Bank in the town of Haynesville, Louisiana; and that if said money was deposited in the name of Mrs. Maggie Powell it was, in truth and in fact, the property of the defendant, and should be subjected to the payment of his judgment.

He prayed that the said bank be cited as garnishee and ordered to answer, under oath, the interrogatories propounded to it accompanying the petition.

The garnisheee answered that it had on deposit to the credit of Mrs. Maggie Powell the sum of $432.86; and that it was without knowledge or information sufficient to form a belief as to whether or not the defendant Daniel L. Powell, owned or claimed to own any part of the said amount.

The defendant and his wife, Mrs. Maggie Powell, filed a joint exception of no cause or right of action to the supplemental petition, which reads as follows:

"Now comes Daniel L. Powell and Mrs. Maggie Powell, herein and with respect shows the Court that the supplemental petition discloses no cause or right of ac-

tion. That by garnishment the plaintiff cannot question the title of your appearer, Mrs. Maggie Powell to the deposit.

"Wherefore, they pray that the motion be sustained and the suit dismissed and for costs."

The exceptions of no cause or right of action were tried · and sustained by the court, and judgment rendered dismissing the garnishment proceeding. The plaintiff appeals.

A garnishment proceeding founded on a writ of fieri facias, in its inception, is not a suit, in the legal significance of that word, against anyone, but is merely an attempted seizure. The seizure does not arise to the dignity of a suit until the garnishee has answered, and the answer has been traversed by the plaintiff or judgment creditor. When the seizure has thus assumed the dignity of a suit, an exception of no cause of action · will lie at the instance of the garnishee, which will present the question as to whether the plaintiff has alleged in his traverse of the garnishee's answer facts which would constitute a cause of action in behalf of the defendant or judgment debtor against the garnishee. The plaintiff in garnishment is merely attempting to exercise the right of the defendant or judgment debtor against the garnishee. Delacroix v. Hart, 24 La. Ann. 141; Marcuse v. Upton et al., 9 La. App. 28, 118 So. 790; National Park Bank v. Concordia Land & Timber Co. (Concordia Land & Timber Co. v. Black River Lumber Co.), 159 La. 86, 105 So. 234.

The judgment debtor at no stage of the proceeding is a defendant in such garnishment proceeding, nor is he cited as such. Therefore, an anomalous situation is presented if the judgment debtor be permitted to successfully oppose an exception of no cause of action to a suit in which it is not intended · to state a cause of action against him, but to state a cause of action in his favor against the garnishee.

In the case before us the garnishee's answer was not traversed by plaintiff, so the exceptions were filed before the seizure had reached the stage where it might be designated as an action. Clearly the exception of no cause of action of the defendant judgment debtor should have been overruled, and if the reasons assigned be sound for that purpose, they apply with greater force to a like disposition of the exception of the wife of the defendant, Mrs. Maggie Powell. The latter was not a party to the original action, nor is it even intimated in the supplemental petition that the garnishment is directed against her. She was a third person with reference to the controversy. It is true, however, that an attempt was made to seize a deposit in her name in the garnishee bank.

The remedy of third persons whose property has been subjected to unlawful seizure is clear and well defined, and does not include the method here attempted.

It is conceivable that the bank may have successfully excepted, under the circumstances existing, to the right of the plaintiff to force it to disclose any information with reference to an account not in the name of the judgment debtor.

We are of the opinion that the district judge erred in dismissing the garnishment proceedings. The exceptions should have been overruled as inappropriate and inapplicable to the legal situation existing.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of the plaintiff overruling the exceptions of no cause or right of action, and that the case be remanded for further proceeding according to law.