JANVIER, Judge.
This is an appeal by a judgment creditor, who obtained a judgment pro eonfesso against a garnishee who failed to answer interrogatories, from a judgment annulling the judgment pro eonfesso.
In the First City Court oí New Orleans John F. Koningh obtained a judgment of $191-.15 with interest and costs against Fred J. Knecht. Koningh then caused the issuance of a writ of fieri facias and, by a method of procedure which we shall later discuss, he also caused the issuance of interrogatories to Koch-Ellis Marine Contractors, Inc.
Together with the interrogatories, there were issued and served upon the said corporation a citation to the garnishee and a notice of seizure. Service of these three documents — citation, notice of seizure and interrogatories — was had by personnal delivery, at the office of the corporation, to Harry G. Koch, admittedly the president of the corporation. The garnishee corporation failed to answer the interrogatories, and there was judgment against it pro eonfesso. Demand was made upon the garnishee for payment, and it then filed a rule calling upon the plaintiff, Koningh, to show cause why the judgment pro eonfesso should not be annulled.
There was judgment making the rule absolute and annulling the judgment pro eonfesso, and Koningh has appealed.
On ibehalf of the garnishee, appellee, it is contended that since, under section 3 of Act No. 181 of 1932, Revised Stat. 13:3923, a court is given authority, in its discretion, to. annul such a judgment pro eonfesso “upon proper showing” the court a qua, in the exercise of that discretion, properly annulled the judgment, since there was a proper showing.
During, the argument before us, counsel for both parties brought to our attention the fact that the garnishment process issued without the filing by appellant of any petition praying that the appellee be made garnishee, or that interrogatories be issued.
Counsel for both parties stated that it is the custom in the First City Court of New Orleans, where garnishment is to be resorted to in the execution of a judgment under a writ of fieri facias, for the judgment creditor, through attorney, merely to write in a book kept for that purpose in the First City Court, instructions to the Clerk to issue garnishment process. Counsel for the appellee, garnishee, did not offer any extended argument on the question of whether that method of procedure should meet with our approval, merely stating that *410 in his opinion interrogatories so issued could not be effective and that a judgment pro confesso, based on the failure to answer such interrogatories, is a nullity.
Counsel for appellant did not argue the matter, stating that the failure to file a petition praying for the issuance of garnishment process and for the service of citation and a copy of the petition on the garnishee was at most a mere trivial informality.
We have given much thought to the question because we are loathe to find fault with a custom which, it is agreed, has been satisfactorily followed in the First City Court for many years. However, we find ourselves unable to agree that a seizing judgment creditor may resort to garnishment process without following the formalities required by our Code of Practice.
Article 246 of the Code of Practice sets forth the steps which a judgment creditor must talce in order to cause the issuance of garnishment process, as well as the steps which must be taken by plaintiff to obtain the impounding of the defendant’s property under a writ of attachment before a judgment is obtained'. It will be noted that the article requires that where a seizing judgment creditor, after causing the issuance of a writ of fieri facias, desires to cause the issuance of garnishment process, he may cause the garnishee to answer interrogatories by proceeding “in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment.”
When we look into- the question of what regulations are required “in relation to garnishees in cases of attachment”, we find that under Article 250 of the Code of Practice, where property is attached in the hands of a garnishee, the attaching plaintiff should so pray in the original petition or in a supplemental petition. And in Article 251 it is provided that when the order for attachment is obtained, the Clerk of Court shall deliver to the sheriff, in addition to a copy of the order and the citation, a copy of the petition.
It is clear then that where an attachment is required, it must be prayed for in a petition. Consequently, since it is provided that where a garnishment is required in execution of a writ of fieri facias after judgment, the garnishment process may be issued “in the same manner and with the same regulations * * *,” it seems equally clear that there must be a petition for the issuance of the garnishment process and this petition, together with the citation and the notice of seizure, must be served upon the garnishee.
There are innumerable cases involving the necessity for a petition where a writ of attachment is' required before judgment, but a remarkable scarcity of cases in which has been involved the question of whether there is necessity for a petition for the issuance of garnishment process in execution of a writ of fieri facias. We do find, however, that in Delacroix v. Hart, Barrow, Garnishee, 24 La.Ann. 141, the Supreme Court said that a petition for the issuance of garnishment process in execution of a judgment is a necessity. There the plaintiff, having issued execution against her judgment debtor, filed a petition praying that Martha J. Barrow be made garnishee and be cited to answer interrogatories. The garnishee failed to answer the interrogatories and there was judgment against her pro confesso. On appeal, the judgment pro confesso “was set aside on the ground that the wife had not been authorized either by her husband or the court,” and the case was remanded to be proceeded with according to law. The Court then authorized the wife to stand in judgment and a new judgment was rendered against the garnishee. On appeal from this judgment, the Supreme Court held that, since the garnishee was a married woman whose husband was not absent and had not refused to authorize her to- stand in judgment, the judgment against her should ibe annulled. The Supreme Court said: “ * * * Garnishment is certainly a suit ; there must be a petition and citation to get the garnishee before the court, * * *.”
We readily understand the reasoning behind the statement that the issuance of garnishment process, in the execution of a writ of fieri facias, “is certainly a suit,” It must be remembered that the effect of such gar *411 nishment process is not limited to the seizing in the hands of the garnishee of any property or credits belonging to the judgment debtor. Such a seizure is effected by the mere issuance of the writ of fieri facias and the service of the notice of seizure. The garnishment process has the effect not only of impounding t'he property or credits of the judgment debtor, but of possibly making the garnishee liable even though mot possessed of any goods or credits of the judgment debtor. To that extent, therefore, such garnishment process has certainly the possibility of being a suit against the garnishee, and we have no difficulty in understanding that it is reasonable to require that there be a petition and citation, both of which must be served upon the garnishee.
We realize that there is language in the 'opinion of the Supreme Court in E. Marqueze & Co. v. Le Blanc, 29 La.Ann. 194, which, on first reading, may indicate a view contrary to what we have just said. For instance, in that opinion the Court, referring to the garnishee, ■ said: “The latter is cited as a witness; he is called upon, not to answer to a demand against him, but merely to disclose whether he has property and effects belonging to the real and only defendant in the case. Judgment, we admit, can be rendered against him, but how and under what circumstances? As a penalty, not otherwise, when he refuses or neglects to answer, or, when answering, he swears falsely, and thereby justifies the presumption that he is in possession of the property attached. * * * ”
The question there, however, was not whether a petition was necessary, but whether garnishment process could issue out of a court different from that which had rendered the judgment. We see nothing in the original opinion, nor in the opinion rendered on application for rehearing, which renders untenable our views on the question of whether a petition is necessary in such situation.
We note, too, that in Carroll v. Powell, 17 La.App. 407, 136 So, 219, 220, the Court of Appeal for the Second Circuit, referring to a garnishment process, issued in aid of execution under a writ of fieri facias, said: “A garnishment proceeding founded on a writ of fieri facias, in its inception, is not a suit, in the legal significance of that word, against any one, but is merely an attempted seizure. * * * ”
But the Court followed that by conceding that such a seizure 'arises to the dignity of a suit when “the garnishee has answered, and the answer has been traversed by the plaintiff or judgment creditor.” This language plainly indicates a realization of the fact that there may be a controversy between the judgment creditor and the garnishee and to this extent the garnishment proceeding is in fact a suit against the garnishee. It is interesting to note that in that case the garnishment process was issued on the filing of a “supplemental petition”.
Possibly — we may say, probably — in many cases the requirement that there be a petition may be a useless formality, and, as we have said, we are loathe to say that it is a formality which must be complied with because this view would seem to terminate a custom which admittedly has been in vogue for many years, and which, from a practical point of view, may be desirable, but, as the Supreme Court said in Delacroix v. Hart, supra, “we have no right to disregard the law.”
Being of the opinion that, since there was no petition, a copy of which was served on the garnishee, the judgment pro confesso against the garnishee was a nullity, it is not necessary that we consider the question of whether the judge a quo abused his discretion in annulling the judgment on other grounds.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.