BAILES, Judge.
The plaintiffs, Hilary J. Gaudin and the law partnership of Weinstein, Bronfin & Heller, prior to the filing of this action obtained a judgment against Dudley J. Le-Blanc for a legal fee owed to them. This judgment was in the amount of $17,250, and was obtained in the Fifteenth Judicial District Court of Vermilion Parish, and was made executory in the Nineteenth Judicial District Court. Subsequently, by order of the latter named court, garnishment proceeding was issued. Citation in the garnishment proceeding was issued to the State of Louisiana through the Governor, the Lieutenant Governor and the State Treasurer.[1]
No pleading was filed by or on behalf of the State of Louisiana. However, the Governor, the Lieutenant Governor and the Treasurer filed what they denominated an EXCEPTION AND ANSWER TO INTERROGATORIES. In the exception, the appearers, above named, state that “The citation addressed to each of the appearers,. to which is attached a copy of said interrogatories, as well as the service thereof, is insufficient and of no effect. The grounds upon which this exception is based are:
“1. The order of this Court, which is in keeping with the prayer of said petition, simply makes the State of Louisiana the garnishee herein.
“2. Neither the Governor, nor the Lieutenant Governor, nor the State Treasurer has any right to accept service *837 of said interrogatories, or to answer the same for or on behalf of the State of Louisiana.
“3. There is nothing in plaintiffs’ petition to show or indicate that the State’s immunity from suit and from liability has been waived.
“4. Article 4, Section 1 of the Constitution provides in part that no money shall be drawn from the Treasury except in pursuance of specific appropriations made by law. If appearers should be ordered to deliver to the sheriff any money to which defendant in writ is or may be entitled, there would be no legal way by which they could comply with such a Court order.
“5. The judgment debtor, Dudley J. Le-Blanc, is a State Officer, as distinguished from a public employee.
“This exception is not pleaded for the purpose of championing the cause of either the plaintiffs or the defendant in writ; rather, it is urged for the purpose of saving the State from possible double liability; and also for the purpose of calling the Court’s attention to serious procedural questions raised by said exception, to the end that appearers may be hereafter relieved from answering interrogatories of a similar character.
“Reserving all rights under the foregoing exception, and without in any manner waiving the same, said appearers, and each of them, now answer the said interrogatories as follows:
INTERROGATORY NO. 1
“The defendant in writ, Dudley J. Le-Blanc, was elected State Senator of and from the Thirteenth Senatorial District at the general election held on March 3, 1964. The oath of office was administered to him on Monday, May 11, 1964, and he assumed the duties of said office on that day. At the time of service of said interrogatories and of the notice of seizure in garnishment on May 18, 1964, said defendant in writ was entitled only to accrued per diem ($50.00 per day). For further disclosure, see answers to following interrogatories.
INTERROGATORY NO. 2
“For answer to this interrogatory, ap-pearers say that the compensation to which defendant in writ is entitled as fixed by law. The defendant in writ is entitled to $50.00 per day while the Legislature is in session, plus ten cents a mile for eight round trips from Abbeville to the State Capitol during the present 60 day session. In addition to said mileage and per diem, a Senator is paid $250.00 per month expenses while not attending regular legislative sessions.
INTERROGATORY NO. 3
“The defendant in writ is not now in the employ of appearers or either of them; neither was he in the employ of any of said appearers at the time of service of said interrogatories.
“Further answering, if such be necessary, appearers say that the defendant in writ is a State official, a public officer, and has been since May 11, 1964; that there seems to be a recognized distinction between a public officer and a public employee; accordingly appearers are not in the position to categorically answer this interrogatory, as it is worded, either in the affirmative or negative. A full disclosure having been made, appearers aver that this answer should be deemed good and sufficient. (See R.S. 13:3881; State v. Dark, 195 La. 139, 196 So. 47)
INTERROGATORY NO. 4
“Answering this interrogatory, appear-ers first say that the measure and amount of the compensation to which the defendant in writ is entitled has been disclosed by the answers to the above and foregoing interrogatories. For answer to the remaining questions contained in *838 this interrogatory, appearers attach hereto and make part hereof a copy of House Bill No. 313 introduced in the 1964 Regular Session of the Legislature and certified by the Governor as emergency legislation, which House Bill shows how, when and where compensation is paid to State Senators.
INTERROGATORY NO. 5
“Appearers’ answer to this interroga tory is ‘no.’
INTERROGATORY NO. 6
“There is no necessity for answering this interrogatory in view of appearers answer to Interrogatory No. 5.”
Further, to their answer is attached a copy of House Bill No. 313 of the 1964 Regular Session[2] which became Act No 1 of the Í964 Session of the Legislature.
It is particularly important that we noti the following portion of this Bill:
“ * * * The Chairman of the disbursing committee of each House shall warrant on the State Auditor in favor of the Committee, who in turn shall warrant on the State Treasurer, for the appropriation herein provided, said warranty to be approved and countersigned by the presiding officer of each House. The aforesaid warrants shall be paid out of the General Fund, and the Treasurer is hereby required to pay said warrants * *
The judgment debtor, Senator Dudley J. LeBlanc, filed what he called a MOTION, INTERVENTION AND RECONVENTION to this garnishment proceeding.
In his Motion he says that Article 644 of the Code of Practice was repealed by Act IS of 1960, and R.S. 13 :3881 provides that the State of Louisiana waives immunity from suit in garnishment only as to the nonexempt portion of salaries or other compensation of “public employees” and “not public officers as here which are clearly exempt from seizure by applicable law.” He also pleads that the funds owed to him by the State of Louisiana are “personal rights and can not be made liable to the payment of debts under applicable law and further under Civil Code Article 1992 * * *.”
Alternatively, Senator LeBlanc contends that all civil proceedings pending against him should be stayed during his attendance to Sessions of the Legislature under the provisions of LSA-R.S. 24:1.
In reconvention, the judgment debtor avers that he should be awarded $2,500 for attorney’s fees incurred in the dissolution of “plaintiff’s attempted illegal writs and actions hereinand he further avers that he has suffered damages in the amount of $50,000 “for irresponsible and unnecessary humiliation, embarrassment, mortification, ridicule, notoriety, damage to repuation * * *, unjust and adverse publicity * * *, damage to his credit, unnecessary expenses and time consumed and lost, all caused by plaintiffs in suit’s illegal, untimely and unlawful acts herein sought by them; that plaintiff’s political reputation and business credit affected thereby is a major asset in his necessary business and political life, both present and future.”
The prayer of his motion, intervention and reconvention asked for three things:
(1) for an immediate stay of proceedings;
(2) for a rule nisi on the plaintiffs to show cause why the writ should not be stayed, dissolved, rescinded and recalled and, in due course, permanently enjoined; and
(3) for judgment for attorney’s fees in the amount of $2,500 and damages to himself in the amount of $50,000.
The order issued by the trial court on the above motion was restricted to a showing of *839 “why the writ of fieri facias and'garnishment thereunder * * * should not be stayed, dissolved, rescinded, recalled and dismissed as illegally and invalidly issued as sought herein.”
The plaintiffs filed peremptory exceptions of no cause or right of action to the intervention and reconvention filed by Senator LeBlanc on the following ground: “[A]s to the reconvention for the reason that he is not a party to the garnishment proceeding issued under final judgment, which garnishment proceeding is the principal action between other parties and Dudley J. LeBlanc cannot reconvene therein; and as to the intervention and rule to rescind the garnishment for the reason that the said Dudley J. LeBlanc cannot plead the immunity of the State, if the State has immunity, and has no exemption of his own.”
The trial court ruled that the Governor, Lieutenant Governor or Treasurer are not the proper officers to be served with a petition initiating a garnishment proceeding inasmuch as neither of these persons are in position to grant the relief prayed for in the seizure, and that even if the court is wrong in this position, then the court rules that the petitioners must first obtain a waiver of immunity as “there is no waiver of immunity from suit insofar as the garnishment of the non-exempt portion of the compensation of public officials is concerned.” In accordance with this opinion of the trial court, the plaintiffs’ petition for garnishment was dismissed and plaintiffs’ peremptory exception to intervenor’s recon-ventional demand for attorney’s fees and damages was sustained and intervenor’s demands dismissed, all at plaintiffs’ costs.
From this ruling of the trial court a sus-pensive appeal was taken by the plaintiffs, and a devolutive appeal by the intervenor.
Before we consider the specification of errors assigned by the plaintiff-appellants, it is worthy to mention that the other appellant herein, Senator Dudley J. LeBlanc has filed a brief in this court wherein he stated that “his devolutive appeal from that portion of the judgment sustaining plaintiff’s peremptory exception dismissing his reconventional demands, not being germaine to the parallel issues presented on consolidation, were considered abandoned here and dismissed. * * This appellant has also by appropriate motion moved for the dismissal of his reconventional demand for damages against the plaintiffs. Therefore, we shall consider the appeal from judgment dismissing the reconventional demands of Dudley J. LeBlanc abandoned and the same is hereby dismissed.
Plaintiffs assign the following four specification of errors:
1. The Court erred in treating this garnishment proceeding as a suit against the State of Louisiana.
2. The Court erred in holding that a waiver of the State’s immunity was necessary as a condition precedent to a garnishment proceeding.
3. The Court erred in holding that the Legislative action incident to the adoption of the Code of Civil Procedure and the amendment of R.S. 13 :3881 indicates that a waiver of immunity must be had to obtain garnishment respecting a State official.
4. The Court erred in holding the service to be improper.
Although we have diligently searched this record to determine if any appearance has been made herein by the State of Louisiana, we are unable to find that the State of Louisiana is, in fact, a party hereto. The three state officials, that is the Governor, Lieutenant Governor and the Treasurer are not appearing herein in the name of the State of Louisiana. The only pleading filed herein by the defendants is the exception and answer to interrogatories, as set forth supra, and therein it is stated that “Now into Court, through Jack P. F. Gremillion, Attorney General of the State of Louisiana, *840 and other undersigned counsel, comes John J. McKeithen, Governor of the State of Louisiana, C. C. Aycock, Lieutenant Governor, and A. P. Tugwell, State Treasurer, each of whom has been served with a copy of the petition and accompanying interrogatories in the above styled and numbered garnishment proceeding, and before answering said interrogatories appearers except to plaintiffs’ petition and accompanying interrogatories on the following grounds, to-wit: * * (Italics added by the Court.)
Only the State of Louisiana, appearing through its proper officer, can plead its immunity to an action against itself. The State of Louisiana has made no appearance in this action.
As for this lack of properly pleading immunity by the State, no immunity exists for the reason that this type proceeding is not an action or a suit against the State of Louisiana. A garnishment proceeding is in fact nothing more than a legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party. It is true that the proceedings can be converted into a suit by the judgment creditor traversing the answers of the garnishee to the interrogatories propounded, or perhaps by some other proceedings not germane to this proceeding.
A garnishment proceeding is not an adversary type proceedings unless converted to the status of a lawsuit by some extraordinary action of the parties. This is a proceeding to determine if the State is indebted to the judgment debtor, Senator Le-Blanc, and if so, the amount and condition of this obligation or indebtedness. This is a proceeding to obtain from the State, as from any other garnishee, money that duly and rightfully belongs to and is property of the judgment debtor. The conventional obj ections to proceeding against the State and to obtaining from the public fisc public funds do not apply in this proceeding because the funds from which the judgment debtor will be paid have already been appropriated, and before the garnishment proceedings even seek to reach these funds the portion so affected will have become due, payable and owing to judgment debtor.
In the case of National Park Bank v. Concordia Land & Timber Co. (1925) 159 La. 86, 105 So. 234, the Supreme Court, in considering the question of whether garnishment proceedings interrupted prescription, on page 101, 105 So. on page 240, said:
“[8, 9] ‘ * * * From the very nature of the proceeding it can, in no sense, be properly termed a suit. If is, if the claim be one of such nature as can be reached by garnishment, nothing more, nor less, than a seizure.
“[10] ‘The garnishment does not really become a suit until the ansers of the garnishee are traversed by the plaintiff in such manner as would set forth a cause of action against the garnishee as fully and completely as would have been required of the defendant had he brought the suit himself, in his own name, directly against the defendant. * * *.’ ”
In Carroll v. Powell (1931), 17 La.App. 407, 136 So. 219, the Court, in considering whether the judgment debtor had a right to appear in a garnishment proceedings for the purpose of filing an exception of no cause or right of action, said :
“[1,2] A garnishment proceeding founded on a writ of fieri facias, in its inception, is not a suit, in the legal significance of that word, against any one, but is merely an attempted seizure. The seizure does not arise to the dignity of a suit until the garnishee has answered, and the anszver has been traversed by the plaintiff or judgment creditor. When the seizure has thus assumed the dignity of a suit, an exception of no cause of action will lie at the instance of the garnishee, which will present the question as to whether the plaintiff has alleged in his traverse of the garnishee’s answer facts which *841 would constitute a cause of action in behalf of the defendant or judgment debt- or against the garnishee. The plaintiff in garnishment is merely attempting to exercise the right of the defendant or judgment debtor against the garnishee. Delacroix v. Hart, 24 La.Ann. 141; Marcuse v. Upton et al., 9 La.App. 28, 118 So. 790; National Park Bank v. Concordia Land & Timber Co. (Concordia Land & Timber Co. v. Black River Lumber Co.) 159 La. 86, 105 So. 234.”
The garnishment proceedings were served on the Lieutenant Governor and he was cited to answer the interrogatories. The question arises of whether this service was proper.
House Bill No. 313 of the Regular Session of the Legislature of 1964, quoted supra, which became Act 1 of the Regular Session of the Legislature of the State of Louisiana of 1964, in Section 3 provides:
“The funds so drawn shall be deposited in the name of the disbursing committee of the House of Representatives, or the Senate, as the case may be, in an approved bank located in the State of Louisiana, to be selected by the committee. Payment of per diem and mileage, salaries of the officers and employees, and other expenses of the Legislature shall he made by individual check, payable to the person or firm entitled thereto, signed by the chairman of the committee and countersigned by the presiding officer of the House or Senate, as the case may be. * * (Emphasis supplied by the Court.)
Thus, the statute provides that the funds allocated to the House or the Senate shall be deposited by the respective disbursing committee in an approved bank in the State of Louisiana, and checks .for the payment of per diem, mileage, salaries and expenses shall be paid to the person entitled thereto by check signed by the chairman and countersigned by the presiding officer of the House or Senate, as the case may be. The Lieutenant Governor is the presiding officer of the Senate, and by the terms of the Act, he has control over the disbursements. These funds, and the disbursement thereof, are in his charge and under his control. He was a proper person upon whom service of citation should have been made.
The judgment debtor has no standing or place in this proceeding. As we have observed above, until the judgment creditor or seizing creditor traverses the answers to the interrogatories propounded to the garnishee, the proceeding does not occupy the status of a lawsuit, and the plaintiffs herein have not so traversed the answers to the interrogatories, consequently the judgment debtor has no standing in the proceedings.
In Carroll v. Powell, supra, the court further noted:
“[3] The judgment debtor at no stage of the proceeding is a defendant in such garnishment proceedings, nor is he cited as such. Therefore an anomalous situation, is presented if the judgment debtor be permitted to successfully oppose an exception of no cause of action to a suit in which it is not intended to state a cause of action against him, but to state a cause of action in his favor against the garnishee. * * * ”
The judgment debtor herein contends that his salary from public office is exempt from seizure under authority LSA-C.C. Article 1992. This article provides:
“There are also rights which are merely personal, that can not be made liable to the payment of debts, and therefore no contract respecting them comes within the provision of this section; these are the rights of personal servitude, of use and habitation, of usufruct of the estate of a minor child, to the income of dotal property, to money due for the salary of an office, or wages, or recompense for personal services.” (Emphasis supplied by the Court.)
*842 And lie further relies on the interpretation of this article by the Supreme Court in the case of Fischer v. Dubroca (1927) 163 La. 292, 111 So. 710. The judgment debtor argues that as a matter of public policy a public official’s salary is exempt from seizure.
This may have been true prior to the time the Legislature spoke out on the subject by amending Article 644 of the Code of Practice by Act 188 of 1942.
The second paragraph of Article 644 of the Code of Practice, after the amendment by Act 188 of 1942, reads as follows:
"In the case of all public officers or officials * * * 80% of the wage, salary, commission or other compensation thereof cannot be seized or garnisheed, but only 20% of such compensation shall be subject to such seizure or garnishment, and in no case shall the seizure or garnishment infringe upon a minimum of sixty ($60.00) dollars per month of such salary, wage, commission or other compensation, which said sixty ($60.00) dollars per month shall always be exempt.” (Emphasis supplied by the Court.)
The plaintiffs correctly argue that “Also, the same legislature, by Act 189, amended Article 647 to strike therefrom the exemption of salaries of office. Thus, there was definite legislative overruling of the principle of the Fischer case which enabled public officers to evade the payment of their just debts. Both Act 188 of 1942 and 189 of 1942 stated that 'all laws or parts of laws in conflict herewith are hereby repealed.’ Thus, no longer is the provision in the Civil Code Article 1992 a protection to officers who do not pay their debts, and Article 647 of the Code of Practice no longer exists.”
Clearly, the amending of Articles 644 and 647 of the Code of Practice effectually repealed that portion of provision of LSA-C.C. Article 1992 providing for the exemption from seizure of “money due for the salary of an office.” It is elementary to hold that when the Code of Practice was repealed by Act No. IS of 1960 such repeal did not have the effect of reinstating the repealed provisions of LSA-C.C. Article 1992. LSA-C.C. Article 23 provides explicitly that “The repeal of a repealing law does not revive the first law.”
For the foregoing reasons, the judgment of the trial court is reversed and this proceeding for garnishment is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.

. St. Paul Mercury Indemnity Company v. Patten dba Patten’s Welding Company (Committee on Contingent Expenses of the House of Representatives, Garnishee) No. 6544 on the docket of this Court, 182 So.2d 842, was consolidated with this case for argument and decision. The issues of law are identical in both cases. In the instant case service of citation and interrogatories was served among others on Lieutenant Governor C. C. Aycock, the presiding officer of the Senate, whereas in the St. Paul Mercury Indemnity Company v. Patten et al., service of citation and interrogatories was made on the Speaker of the House of Representatives and Mrs. Lillian W. Walker, Chairman of the Committee on Contingent Expenses of the House of Representatives of the State of Louisiana. Eor all intents and purposes the pleadings, contentions of the parties, and arguments thereon are identical. The reasons for judgment rendered herein shall be controlling of the comimnion ease.

. The pertinent part of this House Bill is Section 3 of Act No. 1 of 1964 quoted infra.