SUMMERS, Justice.
 

 On February 20, 1962, the New.'.Orleans law firm of Weinstein & Bronfin, together with Attorney Hilary Gaudin of that city,.
 
 *939
 
 filed suit in Vermilion Parish and obtained judgment against Dudley J. LeBlanc for unpaid attorney’s fees in the sum of $17,250, with interests and costs. Thereafter, because of the death of Weinstein, his interest in the judgment was assigned by his widow to the reconstituted firm of Weinstein, Bronfin & Heller. In the meantime LeBlanc had been elected State Senator.
 

 On the petition of Weinstein, Bronfin
 
 &
 
 Heller and Gaudin, plaintiffs in this proceeding, a writ of fieri facias directed to the Sheriff of East Baton Rouge Parish was issued by the district court in Vermilion Parish which rendered the judgment. Then, on May 14, 1964, plaintiffs presented a petition to the district court in East Baton Rouge Parish to have the judgment made executory there. On the same date the district court in East Baton Rouge Parish, acting on the petition of plaintiffs ordered the State of Louisiana to be made garnishee and thereby sought to garnish the salary and other emoluments due and to become due by the State to LeBlanc as a State Senator.
 

 Plaintiffs’ petition for garnishment did not allege how the State was to be served, but a notation at the foot of the petition, which we think was directed to the Clerk of Court, asked that the State be served through the Governor. Service was also requested in the same manner on the Lieutenant Governor and the State Treasurer.
 

 These officials, represented by the Attorney General, filed exceptions in which they set forth that they had no right to accept service of the garnishment interrogatories or to answer them for the State. The exceptions also set forth that there was no allegation in the petition for garnishment to the effect that the State had waived its immunity from suit or liability and that there was no authorization provided whereby these officers could satisfy a judgment rendered in the matter. In conclusion it was alleged that LeBlanc, the judgment debtor, was a state' officer. Reserving all rights under the exceptions, the parties filed answers to the interrogatories.
 

 Shortly thereafter, on May 29, 1964, LeBlanc filed an intervention in which he asserted that the State had not consented to be sued, and, as a public officer, the funds due
 
 to him
 
 by
 
 the State were
 
 exempt from seizure. He claimed, in addition, the right to a stay of the proceedings against him during the legislative session then in progress. LeBlanc also reconvened for damages and attorneys fees because, he alleged, the seizure was wrongful.
 

 A trial was had of the exceptions. They were maintained in part and plaintiffs’ proceedings were dismissed. LeBlanc’s re-conventional demand was dismissed without prejudice.
 

 
 *941
 
 On appeal the First Circuit reversed (182 So.2d 835).
 

 In our consideration of the case, we pretermit the question of whether it was proper to serve the Governor, Lieutenant Governor and State Treasurer to make the State a party to this attempted garnishment proceeding, preferring to base our decision on other issues raised by the exceptions.
 

 Accordingly, we turn first to a determination of whether the State has waived its immunity " from suit.' It is’ a basic premise of this proposition that the State does ..enjoy immunity from suit and may not be sued without its consent. This principle derives from and ,is inherent in the
 
 most
 
 elementary concepts of governmental sovereignty;
 
 [1]
 
 it is implicit in our constitution
 
 [2]
 
 and has been repeatedly recognized by our courts.
 
 [3]
 

 Article Three, Section Thirty-five of the State Constitution
 
 [4]
 
 empowers the State
 
 *943
 
 Legislature to waive this immunity from suit.
 

 The only legislation presently in effect which deals with the State’s waiver of immunity in garnishment proceedings is Title 13, Section 3881, of the Revised Statutes. So we look to that enactment to determine if immunity has been waived here. It reads as follows:
 

 “The State of Louisiana expressly waives any immunity from suit, in so far as the garnishment of the non-exempt portion of the wages, salaries, commissions, or other compensation of
 
 public employees
 
 or contractors is concerned, of itself, its agencies, boards, commissions, political subdivisions, public corporations, and municipal corporations.” (Emphasis added.)
 

 Exceptors say this is the oqly law in which authorization for these garnishment proceedings against the State could possibly exist, and authorization does not exist there because no language permits the salary or emoluments of a “public official” to be garnished. They point out that LeBlanc is a public official and not a public employee.
 

 Undoubtedly a State Senator is a public official, and no authority is required to support that conclusion. Although statutory definitions may alter the rule in special instances which are not pertinent here, (La.R.S. 14:2, 18:542, 42:1) generally an “employee” is not an “official”, and there are recognized distinctions between them. State v. Dark, 195 La. 139, 196 So. 47 (1940) ; Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925). Nor do we think that reference to one includes the other. Quite to the contrary, it would be error to refer to a state official as an employee or to an employee as an official. This being so, we search the statute in vain for any consent by the State to be sued in such a case as this. Works & Rhea v. Shaw, 156 So. 81, 82 (La.App.1934); 81 C.J.S. States § 226.
 

 Counsel for the plaintiffs say that even if we should find that the State has not consented to be sued, they may nevertheless maintain this garnishment, for such a proceeding is not a
 
 suit.
 

 Without setting forth what a garnishment proceeding is, the plaintiffs continue with their argument that it is not a suit, relying primarily on a decision of the Court of Appeal in Carroll v. Powell, 17 La.App. 407, 136 So. 219 (La.App.1931), which we find is pertinent but not persuasive, and two cases decided by this court: Union National Bank v. Hyams, 50 La. Ann. 1110, 24 So. 774 (1898). and Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1 (1943). In these last two cases, this court declared that a garnishment under fieri facias is a separate proceeding from the suit in which judgment was obtained— a conclusion which does not resolve our
 
 *945
 
 problem for it neither decides that garnishment is or is not a suit. These authorities, therefore, lend no weight to plaintiffs’ position. Indeed, if it is a separate proceeding, commenced by petition and citation, which may be litigated and lead to judgment and which is subject to appeal as this case illustrates, it most assuredly possesses many of the attributes of a suit.
 

 For these reasons and others which we will assign, we are not impressed with the argument that a garnishment under fieri facias is not a suit within the contemplation ■of the rule that a state may not be sued without its consent.
 

 If the Legislature found it necessary to waive “any immunity from suit” to permit the garnishment of the salaries of “public employees” (La.R.S. 13:3881), we think it follows that that body considered garnishment within the ambit of proceedings to which it must consent to be sued. And, when by Title 13, Section 3881, of the Revised Statutes the Legislature confined the waiver to “public employees” and “contractors” of the State, it necessarily excluded officials.
 

 It is worthy of note that the Legislature has referred to the garnishment of wages •as a “suit” in the very statutes under which plaintiffs are proceeding. (See the last word in La.R.S. 13:3927, and see also art. 2416 La.Code Civ.Proc.) And, although the language in some decisions may give cause to contend to the contrary,
 
 [5]
 
 this court has heretofore recognized a garnishment proceeding as a suit. In Delacroix v. Hart, 24 La.Ann. 141 (1872) we said:
 

 “But the
 
 garnishment process is certainly a suit;
 
 there must be a petition and citation to get the garnishee before the court, and then follows a judgment in accordance with the evidence. If the garnishee confesses that he or she is indebted, either expressly or by making default, a judgment will be entered up against the party so confessing.” (Emphasis added.)
 

 See also E. Margueze & Co. v. LeBlanc, 29 La.Ann. 194 (1877) ; Koningh v. Knecht, 48 So.2d 409 (La.App.1950) ; Maybeno v. Battaglia, 26 So.2d 315 (La.App.1946); Frame v. Brown, 98 N.H. 413, 101 A.2d 471 (1953); 38 C.J.S. Garnishment, § 39c (2).
 

 The reasoning found in the Delacroix v. Hart Case and the others we have cited is more compatible with the realities of garnishment and the doctrine upon which the State’s immunity from suit is based than the authorities relied upon by plaintiffs.
 

 A State’s sovereignty shields it against the harassment of being haled into court without its consent on the petition of in
 
 *947
 
 dividuals. It suffices to make the proceeding- objectionable to the State as a suit requiring waiver of its immunity that it may create a liability on the state treasury, which a garnishment proceeding may surely do. 81 C.J.S. States § 128. Public policy supports such a doctrine. A contrary rule would undoubtedly subject the State to inconveniences hindering the public service and at times endangering the public safety. 49 Am.Jur., States, § 91.
 

 Plaintiffs further contend that, even if we should find that this garnishment proceeding is a suit, it is not a suit against the State, because the funds have been appropriated by the Legislature and are now on deposit in a bank separate from the State’s general fund. It is asserted that these funds will be disbursed by the Chairman of the Disbursing Committee of each House by means of individual checks to the members of the Legislature countersigned by the presiding officer of the House or Senate (Act No. 1 of 1964). But this contention must also fail. The State’s immunity from suit is not affected by the fact that the fund sought to be reached has been segregated from the general public funds for the purpose of paying obligations due or which may become due by the State. In Buchanan v. Alexander, 4 How. 20, 11 L.Ed. 857
 
 (1846) the
 
 United States Supreme-Court said:
 

 “So long as money remains in the hands of a disbursing officer, it is as much the money of the United States, as if it: had not been drawn from the treasury. Until paid over by the agent of the government to-the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seaman.”
 

 The same reasoning applies here. The Disbursing Committees of each House are in reality merely agents • of the State, and the funds appropriated for legislative salaries remain the funds of the State until paid to those to whom they are due. Any effort to reach these funds by garnishment is an effort to reach the funds of the State; this cannot be done without the State’s consent.
 

 Thus we hold that plaintiffs do not have the right to proceed against the State as garnishee. This holding makes a decision of the other issues unnecessary.
 

 Accordingly, for the reasons assigned, the judgment of the Court of Appeal is reversed, and plaintiff’s suit is dismissed at their cost.
 

 [1]
 

 . Black, Constitutional Law § 11 (1927); SI C.J.S. States § 214; Cooley, Constitutional Limitations, Yol. 1, p. 3 (1927).
 

 [2]
 

 . La.Const. art. 3 § 35 (1921).
 

 [3]
 

 . Cobb v. Louisiana Bd. of Institutions, 229 La. 1, 85 So.2d 10 (1956); Wright v. State Board of Liquidation, 49 La.Ann. 1213, 22 So. 361 (1897) ; Carter v. State, 49 La.Ann. 1487, 22 So. 400 (1897) ; State ex rel. Hart v. Burke, 33 La.Ann. 498 (1881).
 

 [4]
 

 . Article III, Scctioii 35 of the Louisiana Constitution as amended in 1960 provides :
 

 “The Legislature is. empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or gov-mental bodies; and each authorization by the Legislature for suit against the State ■or other such public body, heretofore and hereafter enacted or granted, shall he construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rulos promulgated by the Legislature, to be tlie same as in suits between private litigants. No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof. The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescriptions or peremption, which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any-claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall bo instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant’s immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim.” • • .. • . .' ' . ,
 

 [5]
 

 . National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925); Carroll v. Powell,
 
 17
 
 La.App. 407, 136 So. 219 (La.App.1931).