UNITED STATES of America

v.

**ALLEN BROTHERS OF HOMER, INC., Charles Richard Allen, Herbert Duvalle McCalman, Jim Lamar Knotts, and Doyan Franklin Foster.**

Misc. 175–B.

United States District Court,
M.D. Louisiana.

Jan. 19, 1984.

Shelly Zwick, Asst. U.S. Atty., Baton Rouge, La., for the U.S.

Robert S. Leake, Riddick & Leake, Baton Rouge, La., for Allen Bros. et al.

POLOZOLA, District Judge.

This matter is before the Court on motion of the United States of America to show cause why judgment should not be rendered against the State of Louisiana as garnishee herein. Oral argument was heard in this matter at which time the Court ordered counsel to file briefs on the issue of whether or not the stay order issued by the Bankruptcy Court would cause this Court to stay the action of the United States of America against the State of Louisiana, as the employer/garnishee of the bankrupt. The Court further ordered the submission of a proposed judgment amount in the event judgment was entered against the State of Louisiana, and the State of Louisiana was ordered to supplement its answers to the original garnishment interrogatories to include all wages paid to the judgment debtor through September 1, 1983, which is the date of the filing of the petition in bankruptcy and the effective date of the Bankruptcy Court's stay order.

## FINDINGS OF FACT

On June 26, 1981, the United States of America entered into a consent judgment with Allen Brothers of Homer, Inc., and Charles Richard Allen, in which the latter two parties consented to judgment in favor of the United States of America against them, *in solido,* for principal of $295,016.61, plus interest. This judgment was signed by the Honorable Tom Stagg, United States District Judge, Western District of Louisiana, and was registered in the Middle District of Louisiana on September 10, 1982.

On March 22, 1983, United States Magistrate Alton T. Moran ordered the State of Louisiana, Department of Agriculture, through the Commissioner of Agriculture, to answer certain garnishment interrogatories concerning its employee, Charles Richard Allen.

On August 15, 1983, the State of Louisiana answered the interrogatories served on it. The State of Louisiana admitted that it employed the judgment debtor, Charles Richard Allen. For reasons not revealed in those answers, the garnishee had failed to garnish any portion of Charles Richard Allen's salary. Instead, Allen was paid all of his salary, after deductions for state taxes, retirement, and hospitalization.

On September 1, 1983, the United States of America filed a motion for order to show cause why judgment should not be rendered against the garnishee. An order to show cause was signed that day, and the State of Louisiana was ordered to show cause at a hearing set for September 15, 1983.

At oral argument on that date, the State of Louisiana informed the Court that its employee, Charles Richard Allen, had filed a petition in bankruptcy, and that the Bankruptcy Court had issued an order staying all actions by creditors against the debtor, under the authority of 11 U.S.C. § 362. The State of Louisiana argued that the Bankruptcy Court's stay order operated to

stay the United States of America's action against it. In addition, counsel for the State of Louisiana, by way of a letter entered in the record in this matter on October 6, 1983, suggests that even if the stay order and the provisions of 11 U.S.C. § 362 are held to be inapplicable to the State, a hearing must nevertheless be held pursuant to Louisiana Revised Statute 13:3922, to determine what portion of Mr. Allen's salary may be exempt from seizure.

Both of the State's contentions are without merit, and for reasons which follow, the Court finds that the United States of America is entitled to judgment in its favor.

## CONCLUSIONS OF LAW

### AUTOMATIC STAY UNDER 11 U.S.C. § 362

■ The garnishee's reliance on 11 U.S.C. § 362 is misplaced. Section 362(a) provides:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including issuance or employment of process, of a judicial, administrative, or other proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title or to recover a claim *against the debtor* that arose before the commencement of the case under this title;

(2) the enforcement, *against the debtor* or *against property of the estate,* of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of *property from the estate;*

(4) any act to create, perfect, or enforce any lien *against property of the estate;*

(5) any act to create, perfect, or enforce *against property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim *against the debtor* that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim *against the debtor;* and

(8) the commencement or continuance of a proceeding before the United States Tax Court concerning *the debtor.* (Court's emphasis.)

Several recent decisions have made it clear that the term "against the debtor" in section 362 refers only to the bankrupt and does not stay actions against solvent codefendants. *Wedgeworth v. Fibreboard,* 706 F.2d 541 (5th Cir.1983); *Lynch v. Johns-Manville Sales Corp.,* 23 B.R. 750 (D.C.S.D. Ohio 1982), *affd.* 710 F.2d 1194 (6th Cir. 1983); and *In Re Antley,* 18 B.R. 207 (Bkrtcy.M.D.Ga.1982). The *Wedgeworth* decision adds that this narrow protection applies only to "the debtor and its estate." 706 F.2d at 547. The language of § 362 highlighted by the Court above also makes this clear. "Nothing in the legislative history (of section 362) counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, . . .". *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d at 1197.

Section 362 will only stay actions against the debtor, or property of the debtor's estate. Clearly, the United States of America in this action is not proceeding against the debtor, but rather is proceeding against "some third party." In addition, the United States cannot be said to be proceeding against "the property of the estate." Charles Richard Allen received all of his net pay, after the deductions noted above, with each paycheck. He, and his now bankrupt estate, are entitled to no more. The State holds no funds which may be said to be due and owing to Allen. Allen's estate in bankruptcy cannot obtain one cent more from the State of Louisiana, because the State never garnished or withheld any wages as a result of the receipt of the garnishment interrogatories even though the garnish-

ment was served on the state *prior* to the wages being paid. This action arises entirely outside the estate of the bankrupt. The State's liability to the United States Government no longer arises out of the possession of funds of the judgment debtor, but rather, the State's liability is the product of its breach of a statutorily imposed obligation to assist a creditor in securing payment. The State, by failing to garnish wages immediately upon the service of the garnishment interrogatories, has given the United States Government a new debtor against whom the United States may proceed, irrespective of the fact that the State may have already paid Allen all of the wages his salary entitled him to. The scope of the garnishee's liability will be expanded upon below.

By analogy, reference may be made to 11 U.S.C. § 362(b)(2), which states: "(b) The filing of a petition under section 301, 302, or 303 of this title *does not operate as a stay* —(2) under subsection (a) of this section, of the alimony, maintenance, or support from property *that is not property of the estate,*" and section 362(c)(1), which provides, "(c) Except as provided in subsections (d), (e), and (f) of this section—(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is *no longer property of the estate.*" (Court's emphasis). The automatic stay of § 362 does not afford the State, as a third party, any protection from the Government's efforts to collect the sums it is entitled to receive in this case from the State of Louisiana as a result of its garnishment petition.

## SCOPE OF THE GARNISHEE'S LIABILITY

■ The general statutory provisions concerning garnishment may be found at Articles 2411 through 2417 of the Louisiana Code of Civil Procedure. These articles are supplemented by more specific provisions governing the garnishment of wages. La. R.S. 13:3921–3928. The garnishment process is initiated by the service of garnishment interrogatories which ask the judgment debtor's employer to state what prop-

erty (or wages) the employer has in his possession (or which will accrue in the future) which is due to the judgment debtor, or debtor in execution. La.C.Civ.Pr. art. 2411. The service of the garnishment interrogatories causes the funds held, or accruing in the future, to be seized in the hands of the employer. A garnishment proceeding is nothing more than a legal process for obtaining seizure of property of the judgment debtor in the hands of a third party. *Weinstein, Bronfin, & Heller v. LeBlanc,* 182 So.2d 835 (La.App. 4th Cir.1966), *revd. on other grounds,* 249 La. 936, 192 So.2d 130. In this regard, the employer's role has been described as "the legal custodian of the employee's future wages, subject to further orders of the court. (citations omitted)." *Dunckleman Distributing Company, Inc. v. Hyde,* 334 So.2d 236 (La.App. 2d Cir.1976), *writ ref.,* 338 So.2d 294 (La.1976). The employer/garnishee has a statutory duty to continue the seizure, and the garnishee becomes liable personally for a breach of that duty. *Sun Sales Co., Inc. v. Hodges,* 256 La. 687, 237 So.2d 684 (1970); *Grand v. Kado,* 279 So.2d 811 (La.App. 1st Cir.1973). Where there is a failure to transmit garnished wages, the burden shifts to the garnishee to explain this failure. *Johnson v. Fulwood,* 398 So.2d 1151 (La.App. 4th Cir.1981). The garnishee in the instant action, the State of Louisiana, has given no reason or explanation for failing to transmit to the United States the wages which should have been garnished, but never were.

■ As noted earlier, this matter is before the Court on the plaintiff/garnishor's motion to show cause why judgment should not be entered against the State of Louisiana. As noted in the Court's earlier findings of fact, the State contends that a hearing must be held pursuant to Louisiana Revised Statute 13:3922, to determine whether there are other judgments outstanding which affect the non-exempt portion of the employee's compensation. It is clear from section 3922's language that its purpose is not to benefit the *employer* who has failed in his obligations to the court.

The purpose of the section is to insure that creditors whose rights to the non-exempt portion of the employee's compensation predated the garnishing creditor's rights are paid first. See also *Commercial Securities, Inc. v. Corsaro,* 417 So.2d 1346 (La.App. 3d Cir.1982). The State of Louisiana has no right to seek a reduction of its own liability to the garnishor simply because the garnished employee may or may not have also had other debts. Since Charles Richard Allen has been paid his full salary, the funds which the United States Government now seeks from the State of Louisiana are not subject to the rights of other creditors. The garnishee's liability is to be tested by his answers. *Airey & Stouse v. Hoke,* 164 La. 998, 115 So. 60 (1927); *Johnson v. Bolt,* 144 So. 296 (La.App. 2d Cir.1932).

Seventy-five percent (75%) of the debtor's wages or compensation are exempt from garnishment. La.R.S. 13:3881 (as amended, 1982). The United States Government has provided the Court with its computation of twenty-five percent (25%) of Charles Richard Allen's compensation, or the non-exempt portion. The Court has verified that these figures are correct, in light of the garnishee's answers to the interrogatories, as supplemented.

Therefore:

IT IS ORDERED that judgment be entered in favor of the United States, against the State of Louisiana, in the amount of $4,567.39, together with legal interest from the date of judgment until paid.

IT IS FURTHER ORDERED that judgment shall be entered accordingly.