Joseph C. PIERCE, Plaintiff-Appellant,†

v.

Ronald K. COLWELL and Colwell Law Office, jointly, severally, and in the alternative, Defendants-Respondents.

Court of Appeals

No. 96–1075. Submitted on briefs February 6, 1997.—Decided March 5, 1997.

(Also reported in 563 N.W.2d 166.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph C. Pierce* pro se.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Craig A. Kubiak* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J. Joseph C. Pierce appeals the summary judgment dismissal of his legal malpractice action against Attorney Ronald K. Colwell. Colwell represented Pierce at sentencing in a prior criminal case. Pierce alleged that Colwell negligently failed to object to the criminal court's "competency" to sentence him because the court had not personally read the information to him at the arraignment. We affirm the summary judgment.

## THE PRIOR CRIMINAL CASE

We first address the prior criminal case. In an information, the State charged Pierce with ten counts of sexual assault pursuant to § 948.02(2), STATS. At the arraignment and the ensuing jury trial, Pierce was represented by appointed counsel other than Colwell. The jury found Pierce guilty of all ten counts. Colwell was then appointed to represent Pierce at the sentencing phase of the proceedings. The criminal court sentenced Pierce to twenty years in prison.

Pierce appealed his conviction. He raised six issues regarding ineffective assistance of counsel. He additionally argued that certain evidence was improperly admitted and that the criminal court misused its sentencing discretion. Important to this case, Pierce also argued that his due process rights had been violated because the criminal court did not personally read the information to him at the arraignment pursuant to § 971.05(3), STATS.[1] In an unpublished opinion, this court rejected all of Pierce's appellate arguments. *See*

---

[1] The information charged additional offenses beyond those alleged in the criminal complaint.

*State v. Pierce,* No. 92-2263, unpublished op. (Wis. Ct. App. Sept. 30, 1993).

### THE PRESENT CIVIL CASE

In this civil case, the gravamen of Pierce's malpractice claim against Colwell is one of the issues which Pierce raised in the criminal case: the criminal court lacked "competence" to impose the sentence because the court did not personally address him at the arraignment. Because Colwell did not raise this objection at the sentencing, Pierce reasons that Colwell was negligent.

Colwell moved for summary judgment. In a written decision, the trial court cited three grounds for granting Colwell's motion. First, the court held that Pierce had failed to show any injury as a result of Colwell's alleged negligence. Second, the court held that Pierce had failed to show that Pierce would have successfully defended the criminal action but for Colwell's alleged negligence. Third, the court held that Pierce had unsuccessfully litigated the issue in the prior criminal appeal. We construe this final statement to mean that Pierce was precluded from further litigating this claim in this civil action. Pierce appeals.

### DISCUSSION

### *1. Issue Preclusion*

We first address the question of whether Pierce is precluded from raising this issue because he unsuccessfully litigated it in the prior criminal appeal. Whether a trial court correctly dismisses an action on grounds of issue preclusion presents a question of law which we review de novo. *See Jensen v. Milwaukee*

*Mut. Ins. Co.*, 204 Wis. 2d 231, 236, 554 N.W.2d 232, 234 (Ct. App. 1996).

██

Issue preclusion turns on the concept of fundamental fairness. *See id.* at 235, 554 N.W.2d at 234. In *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327, 330-31 (1993), our supreme court set out "some or all" of the factors which a court *may* consider when deciding whether it is fundamentally fair to preclude further litigation of an issue. These include: (1) the prior opportunity for appeal; (2) the nature of the claims and the contexts in which they were litigated; (3) the differences in the quality or extensiveness of the two proceedings; (4) the burdens of proof; and (5) public policy and individual circumstances.

██

We conclude that the burden of proof factor governs this case. If the burden of proof was greater in the first action than in the second, it is inappropriate to apply issue preclusion against the party now assigned a lesser burden. *See Jensen*, 204 Wis. 2d at 239, 554 N.W.2d at 235. In *State v. Brunton*, 203 Wis. 2d 195, 207, 552 N.W.2d 452, 458 (Ct. App. 1996), this court clarified that the "clear and convincing" burden of proof applies to claims of due process violations. Therefore, under *Brunton*, Pierce's burden of proof in the criminal case was the clear and convincing standard. In this civil case, Pierce's burden of proof is the lesser standard—"reasonable certainty by the greater weight of the credible evidence." *See* WIS J I—CIVIL 200.

██

Therefore, Pierce was not precluded from bringing this action. We thus turn to the other grounds upon which the trial court granted summary judgment to Colwell.

## 2. Summary Judgment

In reviewing a grant of summary judgment, this court applies the same standards as the trial court. A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Harris v. Bowe*, 178 Wis. 2d 862, 867, 505 N.W.2d 159, 161 (Ct. App. 1993).

> Actionable legal malpractice consists of the following:
>
> 1. existence of the lawyer-client relationship;
>
> 2. acts constituting the alleged negligence;
>
> 3. negligence as the proximate cause of the alleged injury; and
>
> 4. the fact and extent of injury.

*See Lewandowski v. Continental Cas. Co.*, 88 Wis. 2d 271, 277, 276 N.W.2d 284, 287 (1979).[2] The final element (the fact and extent of injury) often involves the burden of showing that, but for the negligence of the attorney, the client would have been successful in the defense of the action. *See id.*

Our supreme court has held that a successful legal malpractice case requires a plaintiff to prove two cases in a single proceeding (a "suit within a suit"). *See Helmbrecht v. St. Paul Ins. Co.*, 122 Wis. 2d 94, 103, 362 N.W.2d 118, 124 (1985). This means that if the plaintiff has established that the lawyer was negligent, the

---

[2] Colwell concedes for purposes of this summary judgment proceeding that he had an attorney-client relationship with Pierce and that his acts constituted negligence.

plaintiff must additionally prove that the case would have been won absent the negligence. Functionally, this further inquiry answers whether the malpractice was of any consequence; in other words, was the plaintiff damaged? *See Cook v. Continental Cas. Co.,* 180 Wis. 2d 237, 250, 509 N.W.2d 100, 105 (Ct. App. 1993).

In discharging the duty of reasonable care, a lawyer is required to exercise that degree of knowledge, care, skill, ability and diligence usually possessed and exercised by members of the legal profession in this state. *See* WIS J I—CIVIL, 1023.5; *see also Gustavson v. O'Brien,* 87 Wis. 2d 193, 199, 274 N.W.2d 627, 630 (1979). While not required in every malpractice case, expert testimony will generally be required to satisfy this standard of care as to those matters which fall outside the area of common knowledge and lay comprehension. *See Olfe v. Gordon,* 93 Wis. 2d 173, 180, 286 N.W.2d 573, 576 (1980). Stated differently, but to the same effect, expert testimony is not necessary "in cases involving conduct not necessarily related to legal expertise where the matters to be proven do not involve 'special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of [persons], and which require special learning, study or experience.' " *Id.* at 181, 286 N.W.2d at 577 (quoted source omitted).

Colwell's summary judgment motion was based on the allegations of Pierce's complaint coupled with Pierce's failure to name any expert witness within the time limits set out in the trial court's original and amended scheduling orders.

We conclude, under the facts of this case, that Pierce was obligated to present expert testimony to

sustain his claim that Colwell's alleged negligence caused injury or damage. A lay person would not understand how the criminal court's failure to personally read the information to Pierce caused injury when Pierce pled not guilty, proceeded to a jury trial, sentencing and appeal, and was represented by counsel at all stages of the proceedings. The criminal law holds that proceedings conducted after an imperfect arraignment are not invalidated unless the defendant demonstrates prejudice. *See State v. Martinez*, 198 Wis. 2d 222, 235, 542 N.W.2d 215, 2210 (Ct. App. 1995).[3] This is especially so where, as here, Colwell represented Pierce only at the sentencing, not at the arraignment.

## CONCLUSION

We conclude that the circuit court properly granted summary judgment to Colwell.
*By the Court.*—Order affirmed.

---

[3] In light of this law, we dare say that most lawyers and judges would not see the likelihood of injury in such a case even if an expert offered testimony to the contrary.