Kenosha Hospital & Medical Center, Plaintiff-Respondent,

v.

Jesus E. Garcia, Defendant,

Richter Industries, Inc., Garnishee-Defendant-Appellant.†

Court of Appeals

*No. 02–1727. Submitted on briefs May 8, 2003.—Decided June 11, 2003.*

2003 WI App 142

(Also reported in 667 N.W.2d 851.)

† Petition to review granted 9-12-03.

On behalf of the garnishee-defendant-appellant, the cause was submitted on the briefs of *Christopher W. Rose* of *Rose & Rose*, Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ronald L. Diersen*, Kenosha.

On behalf of The Bankruptcy Insolvency & Creditors' Rights Section of the State Bar of Wisconsin, a nonparty brief was filed by *Susan V. Kelley*, Chair, *Paul A. Lucey* and *John C. Thomure, Jr.* of *Michael, Best & Friedrich, LLP*, Milwaukee, and *Daniel R. Freund* of *Freund Law Office*, Eau Claire.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Richter Industries, Inc. (Richter) appeals from a judgment of the circuit court

granting default judgment against it and an order denying its motion to vacate the judgment. Richter argues that service of the motion for judgment against it was improper as it was not served on an officer, director or managing agent of the corporation. In addition, Richter argues that Kenosha Hospital & Medical Center (Kenosha Hospital) violated an automatic stay of the United States Bankruptcy Court when Kenosha Hospital requested default judgment against Richter. We disagree and affirm the judgment and order.

## FACTS

¶ 2. On June 29, 2001, Kenosha Hospital filed a complaint for collection against Jesus E. Garcia and Guadalupe Garcia (Garcia). Kenosha Hospital alleged that it had supplied Garcia with medical services and Garcia owed it a balance of $20,888.85. On August 28, 2001, the circuit court ordered judgment in Kenosha Hospital's favor against Garcia for $20,888.85, plus costs and disbursements. Judgment was entered on August 29, 2001; an earnings garnishment notice with Richter the named garnishee was filed on September 25, 2001, and was served on Richter's payroll department in Kenosha, Wisconsin.

¶ 3. A motion for judgment was filed by Kenosha Hospital against Richter on December 17, 2001. An affidavit of service for the motion for judgment indicates service was made on December 19, 2001, on "Jane Doe," a secretary at Richter who would not give the process server her name but indicated she was a person in charge. On January 2, 2002, a hearing was held on this motion; Richter did not appear and the circuit court found that Richter was responsible for the

amount owed by Garcia. Judgment was entered against Richter in the amount of $20,784.21 on January 7, 2002.

¶ 4. On January 10, 2002, a notice of bankruptcy was filed on behalf of Garcia, indicating that Garcia had filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Wisconsin wherein Kenosha Hospital had been named as a creditor. On May 10, 2002, Richter filed a motion to vacate the default judgment against it. Richter argued that service had not been properly made and that pursuant to 11 U.S.C. § 524(a)(1), the underlying judgment against Garcia was void, as was the judgment against Richter.

¶ 5. A motion hearing was held on June 12, 2002, wherein the circuit court denied Richter's motion to vacate the default judgment. A judgment was entered indicating that the judgment granted on January 7, 2002, was to remain in effect. Richter appeals.

## DISCUSSION

¶ 6. We examine the circuit court's decision to grant a default judgment under the erroneous exercise of discretion standard. *Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986). Richter first argues that the notice of motion for default judgment was not properly served as it was not served upon an officer, director or managing agent of the corporation as required by Wis. Stat. § 801.11(5)(a) (2001–02).[1] We conclude that Richter was properly served.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 7. WISCONSIN STAT. § 812.35 governs the commencement of an earnings garnishment action. The judgment creditor, here Kenosha Hospital, must file a garnishment notice. Sec. 812.35(1). Upon filing the notice and payment of the requisite fee, the clerk of court then issues two earnings garnishment forms. Sec. 812.35(2). Upon receipt of these forms, the creditor must then serve one of the forms upon the debtor and the other form upon the employer/garnishee. Sec. 812.35(3). This statute permits service by first class mail, by certified mail with return receipt requested or by "[a]ny means permissible for the service of a summons in a civil action, other than publication." Sec. 812.35(3)(a)3.

¶ 8. Here, the notice was served by certified mail with an executed return receipt signed by Erik Richter. This satisfies one of the service options recognized by WIS. STAT. § 812.35(3). Richter does not object to this service and the action was therefore properly commenced. Instead, Richter's complaint refers to the service of Kenosha Hospital's notice of motion and motion for default judgment pursuant to WIS. STAT. § 812.41 after commencement of the action. However, a person in default is not entitled to notice of an application for judgment. WIS. STAT. § 801.14(1).

¶ 9. WISCONSIN STAT. § 801.14(2) applies to service of pleadings and other papers after the action has been commenced. Section 801.14(2) allows for various forms of service after commencement of an action, including mailing; service is "complete upon mailing." Here, Kenosha Hospital personally served "Jane Doe" at Richter who, while declining to provide her name, indicated that she was a person in charge. It is self-evident that

when service of papers after commencement of an action can be accomplished by mailing, a less formal mode of service, personal service by a process server, the most formal kind known to law, also satisfies the requirements of § 801.14(2). The notice of motion for default judgment was properly served upon Richter.

¶ 10. The next question before us concerns the authority of the circuit court to adjudicate garnishment proceedings against an employer/garnishee in light of pending bankruptcy proceedings of the employee (debtor). In other words, what effect, if any, does the automatic stay of Title 11 of the United States Bankruptcy Code have upon Kenosha Hospital's ability to pursue Richter for failing to respond to the garnishment notice? Because no property of Garcia's bankruptcy estate was implicated by the proceedings under WIS. STAT. § 812.41 against Richter, there is no violation of the automatic stay and the circuit court was within its jurisdiction to enter judgment against Richter.[2]

¶ 11. WISCONSIN STAT. § 812.35(1) through (3) mandates that a judgment creditor file an earnings garnishment notice with the clerk of court and serve the notice and forms on the judgment debtor and the employer/garnishee. The judgment debtor can file an answer to the earnings garnishment at any time before or during the earnings period of the garnishment order. WIS. STAT. § 812.37(1). Pursuant to WIS. STAT. § 812.39(1), the employer/garnishee is required to pay over the debtor's nonexempt wages to the judgment creditor between five and ten business days after the

---

[2] Bankruptcy is a highly technical and specialized area of the law. At our request, the Bankruptcy Insolvency & Creditors' Rights Section of the State Bar of Wisconsin promptly and graciously submitted an amicus curiae brief. We greatly appreciate its cooperation in this matter.

payday of each pay period. If the employer/garnishee will not owe the debtor any earnings during the garnishment period, the employer/garnishee is required to send a statement informing the creditor as such within seven days of receipt of the garnishment forms. Sec. 812.35(5). The earnings period subject to a garnishment is thirteen weeks from the date of service of the garnishment notice upon the employer/garnishee. Sec. 812.35(6). If the employer/garnishee fails to pay over funds to which the creditor is entitled, the creditor can move for default judgment against the employer/garnishee for the entire unsatisfied judgment against the debtor. Wis. Stat. § 812.41(1).

¶ 12. Title 11 U.S.C. § 362 (2002), part of the United States Code on bankruptcy, addresses an automatic stay and states:

(a) Except as provided in subsection (b) of this section, a petition . . . operates as a stay, applicable to all entities, of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

907

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

¶ 13. When a debtor files a petition in bankruptcy, the automatic stay prohibits virtually all acts by creditors to collect pre-petition claims against the debtor and precludes all actions affecting the property of the debtor's bankruptcy estate. Acts undertaken in "wilfull violation" of the automatic stay are void and may expose the violator to monetary sanctions and punitive damages. 11 U.S.C. § 362(h).

¶ 14. The automatic stay provisions of 11 U.S.C. § 362(a) protect the interests of creditors by preventing the dissection of a debtor's assets by creditors levying on the debtor's property. *See Mann v. Chase Manhattan Mortgage Corp.*, 316 F.3d 1, 3 (1st Cir. 2003). This encourages the policy of equal treatment of creditors of equal standing. The automatic stay is designed to prevent the "disorderly, piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings." *Id.*

¶ 15. A garnishment proceeding is a judicial action within the meaning of 11 U.S.C. § 362(a). *See In re Mims*, 209 B.R. 746, 748 (Bankr. M.D. Fla. 1997). Courts interpreting garnishment statutes similar to Wisconsin's have concluded that the automatic stay provisions of 11 U.S.C. § 362(a) do not prevent a judgment creditor from seeking to collect from an employer/garnishee the amount the employer/garnishee failed to withhold and pay to the judgment creditor. *See In re Waltjen*, 150 B.R. 419, 426 (Bankr. N.D. Ill. 1993) (an action against an employer for its failure to comply with the garnishment procedures is not an action against the debtor or his estate when the creditor is solely seeking to recover from the nondebtor employer); *see also In re Gray*, 97 B.R. 930, 936–37 (Bankr. N.D. Ill. 1989) (when an Illinois garnishee had not withheld property or responded to garnishment process, enforcement of default judgment against the garnishee does not violate the automatic stay); *see also In re Sowers*, 164 B.R. 256, 259 (Bankr. E.D. Va. 1994) (creditor's attempt to satisfy the judgment against the employer/garnishee was not a violation of the automatic stay because "[i]t was this corporate liability which the [judgment creditors] were trying to collect after the debtor's petition was filed" and not the debt owed by the debtor); *see also United States v. Allen Bros. of Homer, Inc.*, 36 B.R. 920, 922–23 (Bankr. M.D. La. 1984) (United States, in state employee's bankruptcy case, not precluded by automatic stay from proceeding against the State of Louisiana which, as employer/garnishee of debtor, failed to withhold amounts from wage payments as required by garnishment proceedings as garnishment action was against neither debtor nor his estate).

¶ 16. Here, Kenosha Hospital served the garnishment complaint on the employer/garnishee Richter on October 2, 2001. However, Richter did not withhold or pay over Garcia's nonexempt wages but instead paid all wages earned during that period to Garcia. As a result, on December 17, 2001, Kenosha Hospital moved for default judgment against Richter as a garnishee pursuant to WIS. STAT. § 812.41(1) and the circuit court entered an order for judgment on January 2, 2002, and a default judgment on January 7, 2002, against Richter. Garcia's bankruptcy petition was filed on January 7, 2002.

¶ 17. None of Garcia's earnings are at stake here because none of Garcia's wages were withheld by Richter. If no earnings are withheld by the employer/ garnishee, then the employer/garnishee has no property belonging to the debtor or his bankruptcy estate. *Gray*, 97 B.R. at 935–37. Thus, an action against Richter for its failure to respond to the garnishment complaint is not an action against Garcia or his bankruptcy estate. *Id.*; *see also Waltjen*, 150 B.R. at 426. Any action taken by Kenosha Hospital against Richter with regard to a claim under WIS. STAT. § 812.41 does not involve Garcia's estate or a collection against Garcia personally. Consequently, the automatic stay provisions of 11 U.S.C. § 362(a) do not apply.

¶ 18. Richter relies upon *Chase Lumber and Fuel Co. v. Koch*, 197 B.R. 654 (Bankr. W.D. Wis. 1996), to argue that the circuit court had no jurisdiction to adjudicate the garnishment proceedings and enter judgment against it. *Chase Lumber* is inapplicable to the situation at hand.

¶ 19. *Chase Lumber* involved a judgment debtor's wages that had been withheld by his employer. *Id.* at

659. The debtor continued to have an interest in these wages because he retained the right to contest the garnishment; prior to the time the garnishee is liable under the statute, a judgment debtor may challenge the underlying judgment and assert his rights to the funds withheld by the garnishee. *Id*. at 659–60. The *Chase Lumber* court found that since the debtor retained an equitable right to the garnished funds for the pay period in which the bankruptcy petition was filed, those funds were the property of the estate, protected by the automatic stay provisions of 11 U.S.C. § 362(a). *Chase Lumber*, 197 B.R. at 660.

¶ 20. That is not the factual situation currently before us. None of Garcia's wages were withheld by Richter as garnishee. Richter does not have possession of any funds in which Garcia retains an equitable right and there are no funds of the bankruptcy estate at issue. *Chase Lumber* has no relevance here.

## CONCLUSION

¶ 21. The notice of motion for default judgment was properly served upon Richter; Richter does not challenge the service commencing the action and the personal service on a person who purported to be a "person in charge" satisfies the requirements of Wis. Stat. § 801.14(2) pertaining to service of other papers after the action has been commenced. Furthermore, the automatic stay provisions of 11 U.S.C. § 362(a) do not prohibit Kenosha Hospital from pursing a claim against Richter under Wis. Stat. § 812.41 when the garnishment action gives rise to a new and independent claim against Richter. Therefore, the circuit court had the authority to enter the default judgment against Richter.

*By the Court.*—Judgment and order affirmed.