John Bularz, Kathleen Bularz and The Bankruptcy Estate of John and Kathleen Bularz, by Its Trustee, John Scaffidi, Plaintiffs-Appellants,
v.
Paul Hinkfuss and Cook & Franke, S.C., Defendants-Respondents.
No. 03-0451.
Court of Appeals of Wisconsin.
Dated and Filed: February 4, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶ 1. ANDERSON, P.J.
John and Kathleen Bularz and The Bankruptcy Estate of John and Kathleen Bularz, by Its Trustee, John Scaffidi (collectively "the Bularzes"), appeal from a summary judgment granted in favor of Paul Hinkfuss and Cook & Franke, S.C. (collectively "Hinkfuss"). The Bularzes sued Hinkfuss for legal malpractice resulting from Hinkfuss' representation of the Bularzes in two unrelated cases. At summary judgment, the trial court dismissed the complaint. The Bularzes argue that the trial court erroneously concluded that they could not establish a prima facie case of legal malpractice without expert testimony. We affirm for the reasons explained below.
¶ 2. This court applies the same methodology as the trial court when reviewing the grant of a motion for summary judgment, independently examining the record to determine whether the moving party was entitled to judgment as a matter of law. Trampf v. Prudential Prop. & Cas. Co., 199 Wis. 2d 380, 384, 544 N.W.2d 596 (Ct. App. 1996).
¶ 3. A plaintiff in a legal malpractice case is required to show that the defendant attorney violated a duty of care. DeThorne v. Bakken, 196 Wis. 2d 713, 717, 539 N.W.2d 695 (Ct. App. 1995). The supreme court has defined the applicable duty of care as follows: "[A]n attorney is bound to exercise his best judgment in light of his education and experience, but is not held to a standard of perfection or infallibility of judgment." Helmbrecht v. St. Paul Ins. Co., 122 Wis. 2d 94, 111, 362 N.W.2d 118 (1985). Whether an attorney has breached the applicable standard of care is a question of fact to be determined through expert testimony. DeThorne, 196 Wis. 2d at 718. Expert testimony is generally necessary in legal malpractice cases to establish the parameters of acceptable professional conduct, given the underlying fact situation. Helmbrecht, 122 Wis. 2d at 112.
¶ 4. Only two types of legal malpractice cases are exempted from the requirement of expert testimony: (1) a case in which the breach is so obvious, apparent, and undisputed that it may be determined by a court as a matter of law; and (2) a case where the matters to be proven do not involve specialized knowledge, skill, or experience. Olfe v. Gordon, 93 Wis. 2d 173, 181-82, 286 N.W.2d 573 (1980); DeThorne, 196 Wis. 2d at 718. Accordingly, expert testimony is not required in cases "involving conduct not necessarily related to legal expertise where the matters to be proven do not involve `special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of [persons], and which require special learning, study or experience.'" Pierce v. Colwell, 209 Wis. 2d 355, 362, 563 N.W.2d 166 (Ct. App. 1997) (citation omitted).
¶ 5. The Bularzes' legal malpractice claim against Hinkfuss arises out of representation provided in two separate lawsuits. In the first lawsuit, Pollak v. Bularz, 92-CV-015580, (Milwaukee County Cir. Ct. Mar. 3, 1995). Hinkfuss defended the Bularzes against allegations of fraudulent misrepresentation and conversion. In the second suit, Bularz v. Prudential Ins. Co. of Am., 93 F.3d 372 (7th Cir. 1996), Hinkfuss was the attorney of record[1] at the time the Bularzes filed suit alleging that several employees of The Prudential Insurance Company had made defamatory statements about John Bularz and thereby ruined his career as an insurance salesman. Id. at 373. Specifically, the claim in the Prudential case stated in relevant part that:
 John Bularz had a successful career in life insurance sales with Prudential, but had left to form his own insurance business called K.T. Financial, which became a general agent for Midland National Life Insurance Company ("Midland");
 K.T. financial sold over one hundred insurance policies, but Midland only issued ten to twelve policies;
 A Vice President with Prudential allegedly had described John Bularz as "a crook" to a Vice President at Midland, which allegedly led Midland not to issue policies in response to the applications submitted by K.T. Financial and;
 Hinkfuss negligently failed to add Midland as a party to the lawsuit filed against Prudential for defamation and tortuous interference with contract.
 After an adverse verdict in the case against Prudential, John Bularz filed a separate federal lawsuit against Midland, (No. 96-C-1361), alleging breach of contract and misrepresentation.
 The judge dismissed the Midland case on the day set for trial on grounds of collateral estoppel/resjudicata, since the same set of" operative facts" were involved in both the Prudential and Midland cases.
¶ 6. In short, the Bularzes' allegations are that Hinkfuss committed legal malpractice, first, by failing to adequately represent the Bularzes in the Pollak case against allegations of fraudulent misrepresentation and conversion and second, by negligently failing to add Midland as a party in the Prudential case-thereby setting up the reason for dismissal of the Bularzes' subsequent lawsuit against Midland.
¶ 7. "Actionable legal malpractice consists of the following: 1. existence of the lawyer-client relationship; 2. acts constituting the alleged negligence; 3. negligence as the proximate cause of the alleged injury; and 4. the fact and extent of injury." Pierce, 209 Wis. 2d at 361, citing Lewandowski v. Continental Cas. Co., 88 Wis. 2d 271, 277, 276 N.W.2d 284 (1979).
¶ 8. "The final element (the fact and extent of injury) often involves the burden of showing that, but for the negligence of the attorney, the client would have been successful in the defense of the action." Id. Our supreme court has held that a successful legal malpractice case requires a plaintiff to prove two cases in a single proceeding (a "suit within a suit"). Helmbrecht, 122 Wis. 2d at 103. This means that if the plaintiff has established that the lawyer was negligent, the plaintiff must additionally prove that the case would have been won absent the negligence. Pierce, 209 Wis. 2d at 361-62. Functionally, this further inquiry answers whether the malpractice was of any consequence; in other words, was the plaintiff damaged? Id. at 362.
¶ 9. Relying on this law, we can dispose of the Bularzes' second legal malpractice claim-that Hinkfuss negligently failed to add Midland as a party in the Prudential case-on the causation ground. The jury in the Prudential litigation determined that the Prudential employee did not defame Bularz. Prudential, 93 F.3d at 376-77. Any viable claim against Midland rested on the Bularzes' threshold contention that Prudential had defamed John Bularz and then passed that defamation on to Midland. The jury found against Bularz on this predicate basis. The Bularzes lost their "suit within a suit," see Helmbrecht, 122 Wis. 2d at 103, and thus, have no ensuing claim against Midland. In short, there is no injury-in-fact that, even if Hinkfuss were negligent, Hinkfuss could have caused.
¶ 10. That determined, we move to the legal malpractice claim regarding Hinkfuss' defense of the Bularzes against claims of misrepresentation and conversion in the Pollak case. Hinkfuss settled the case for $40,000. The Bularzes allege that Hinkfuss was negligent by failing to advise them that this debt could have somehow been discharged under the bankruptcy code.
¶ 11. "Bankruptcy is a highly technical and specialized area of the law." Kenosha Hosp. & Med. Ctr. v. Garcia, 2003 WI App 142, ¶10 n.2, 265 Wis. 2d 900, 667 N.W.2d 851, review granted, 2003 WI 140, 266 Wis. 2d 60, 671 N.W.2d 847. Thus, this case is not the type of case meant to be exempt from the requirement of expert testimony. Therefore, in order to prove that Hinkfuss committed malpractice by negligently failing to advise the Bularzes that a debt could have been discharged under the bankruptcy code, the Bularzes needed to provide expert testimony. Bankruptcy is just the type of subject that involves "special knowledge or skill or experience ... which [is] not within the realm of the ordinary experience of [persons], and which require[s] special learning, study or experience." Pierce, 209 Wis. 2d at 362 (citation omitted).
By the Court.  Judgment affirmed.
NOTES
[1] We note that the Bularzes' brief is misleading in that it does not inform this court that the trial court in the Prudential litigation granted Hinkfuss leave to withdraw as their counsel several months prior to trial and that a different lawyer, Allan Krezminski (the Bularzes' attorney in this legal malpractice appeal), tried and lost the Prudential case in the federal district court and on appeal. Thereafter, Krezminski, not Hinkfuss, represented the Bularzes in the subsequent litigation against Midland National Life Insurance Company.